# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| WILLIAM R. SCHUBERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:06-CV-92 |
| ) | (Phillips) |
| BRUCE LAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend and supplement their complaint [Doc. 29]. Plaintiffs seek to bring in new defendants whose conduct and involvement in this action occurred after the filing of the original complaint. Plaintiffs' allegations in their original complaint alleged discrimination by the original defendants relating to allegations that plaintiffs' daughters were discriminated against as to their various levels of participation on golf teams administered by the Oak Ridge School Board.

Proposed new defendant James O'Connor filed a special appearance in opposition to the proposed amended complaint. O'Connor states that the new allegations contained in the plaintiffs' amended complaint do not qualify under the relation back doctrine. The new allegations set forth by plaintiffs relate to their use of a private golf cart on Centennial Golf Course where plaintiffs' residence is located. To summarize the new allegations in plaintiffs' proposed amended complaint, in 2005, O'Connor as City Manager

for co-defendant City of Oak Ridge, authorized plaintiffs to use a private golf cart at the City-owned Centennial Golf course. Plaintiffs' lawsuit was filed against the City on March 10, 2006, and in January of 2007, the manager for Centennial Golf Course informed plaintiffs they would not be permitted to use their private golf cart. Their complaint avers that O'Connor and other defendants "retaliated and conspired to retaliate against [plaintiffs] for engaging in protected activity." Plaintiffs' complaint alleges that defendant Michael Shearer told William Schubert, "I know about the lawsuit, I got an e-mail about it." "I have had enough of you." " I don't want your cart out there." Plaintiffs' complaint further alleges that one of the conditions demanded by defendant Michael Cutler was "a complete release and hold harmless document indemnifying Oak Ridge Management of any claim of retaliatory harassment against [plaintiffs]." Plaintiffs argue the 2007 retaliation claim relates to the transactions or occurrences of their original complaint, because the original complaint is the protected activity which forms the basis for the retaliation claim.

Rule 21, Fed.R.Civ.P. provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Although the decision to permit amendment of pleadings is committed to the discretion of district courts, their discretion is "limited by Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). Because Rule 15(a) envisions liberal allowance of amendments to pleadings, there must be some substantial

reason justifying denial of the motion." *Smith v. Garden Way, Inc.,* 821 F.Supp. 1486, 1488 n. 2 (N.D.Ga. 1993) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962).

In evaluating the interests of justice, the Sixth Circuit has instructed district courts to consider the following factors: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party;(4) lack of notice to the opposing party; and (5) futility of the amendment. *See Hageman v. Signal L.P. Gas, Inc.,* 486 f.2d 479, 484 (6th Cir. 1973); *Brooks v. Celeste,* 39 F.3d 125, 130 (6th cir. 1994) (citing *Head v. Jellico housing Authority,* 870 F.2d 1117, 1123 (6th cir. 1989)).

In this case, there does not appear to be any undue delay in the filing or giving notice of plaintiff's motion. The actions complained of occurred subsequent to the filing of the original complaint and continued through January 2007. Plaintiffs' motion to amend was filed on January 29, 2007. O'Connor, as City Manager for original defendant City of Oak Ridge, certainly had notice of the original complaint, and he is being brought into this action on the basis of allegations regarding his conduct since the filing of the original complaint, There is no indication in the record that plaintiffs are acting in bad faith in bringing the motion to amend. Nor have there been repeated failures to cure pleading deficiencies by amendment. It also appears to the court that the amendment may be required in order for a proper trial of this case on the merits to proceed, and it does not appear that defendants will be unduly prejudiced by the amendment. At this stage in the

proceedings, plaintiffs have alleged a cause of action for retaliation which arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, so the amendment is not futile. Accordingly, plaintiffs' motion for leave to file their amended complaint [Doc. 29] will be granted.

Defendant City of Oak Ridge argues that plaintiffs' motion should be denied because their proposed amended complaint does not comply with Rule 8(e), Fed.R.Civ.P. Defendant City avers that the 27-page amended complaint, containing over 150 paragraphs is overly burdensome and not concise as required by Rule 8(e)(1). The court finds defendant City's argument without merit.

Accordingly, for the reasons stated above, plaintiffs' motion to amend their complaint [Doc. 29] is **GRANTED.** Plaintiffs are **DIRECTED** to file their amended complaint with the clerk.

**IT IS SO ORDERED**.

**ENTER:**

　　　　s/ Thomas W. Phillips　　　
United States District Judge