UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM R. SCHUBERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:06-CV-92 |
| ) | (Phillips) |
| BRUCE LAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is an action brought by plaintiffs to recover damages for alleged discrimination and retaliatory harassment in violation of 20 U.S.C. § 1681 (Title IX) and 42 U.S.C. §§ 1983 and 1985. Defendant City of Oak Ridge has moved for summary judgment stating that plaintiffs have failed to state a claim for which relief can be granted against the City. Defendants Billy Casper Golf Management, Inc., Oak Ridge Management, Inc., Michael Cutler and Michael Shearer (Casper defendants) have moved to dismiss the claims against them because they are not "state actors" for purposes of § 1983 liability. Plaintiffs contend that the City violated the minor plaintiffs' constitutional/statutory rights; and that after the plaintiffs filed this lawsuit, the City and Casper defendants violated their First Amendment right to seek redress for their grievances by retaliating against them. For the reasons which follow, the defendants' motions will be denied.

**Analysis**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574,

587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

On March 10, 2006, plaintiffs filed their original complaint against defendants alleging that defendants knowingly and intentionally excluded female students from participation in school sponsored golf teams. Defendant City filed its motion for summary judgment asserting that the City is a separate legal entity, alone and apart from the Oak Ridge Board of Education, and that the City has no duty, responsibility or obligation towards the operation of the City of Oak Ridge school system. Thus, any claim against any employee of the Oak Ridge Board of Education does not properly include the City and the City is entitled to judgment as a matter of law.

Subsequent to the filing of the City's motion, plaintiffs moved for leave to amend their complaint, which leave the court granted. Plaintiffs' revised supplemental and restated complaint adds new causes of action that have arisen since the filing of their original complaint. The revised complaint states that plaintiffs purchased a lot and constructed a home next to Centennial Golf Course where they could use a private golf cart. Specifically, plaintiffs' revised complaint alleges:

> 13. Defendant City of Oak Ridge, Tennessee owns Centennial Golf Course in Oak Ridge, Tennessee.
>
> 14. Defendant Billy Casper Golf Management, Inc., manages and operates Centennial Golf Course in Oak Ridge, Tennessee pursuant to a written contract with defendant City of Oak Ridge, Tennessee.
>
> 15. On information and belief, defendant Billy Casper Golf Management, Inc., has delegated to defendant Oak Ridge Management, Inc., certain duties for operation or management of Centennial Golf Course.
>
> . . .
>
> 99. Defendant Michael Shearer told plaintiffs that private golf cart approval would have to come from the Oak Ridge City Manager, James O'Connor.
>
> 100. Plaintiff Delisa Simpson-Schubert met with defendant James O'Connor during March of 2005 and discussed this matter.
>
> 101. Thereafter, defendant James O'Connor sent plaintiffs an e-mail assuring them that the City did not intend to deny their request to use a private golf cart and that the City's concerns for liability and revenue issues had been addressed.
>
> 102. In April of 2005, defendant Michael Shearer posted at the club house a written policy permitting private golf carts.

103. Plaintiffs were never informed that the policy permitting private golf carts was temporary.

104. Plaintiffs' home was completed in the late Fall of 2005.

105. Plaintiffs' original complaint was filed March 10, 2006.

106. In May of 2006, in reliance upon the defendants' assurances, plaintiffs purchased an expensive private golf cart.

107. Plaintiff Delisa Simpson-Schubert promptly notified defendant Michael Shearer and provided written documentation of compliance with all previously published conditions for using a private golf cart.

108. Defendant Michael Shearer assured plaintiff Delisa Simpson-Schubert that plaintiffs had met all of the conditions for using a private golf cart.

109. Approximately one hour later, an employee of defendant Billy Casper Golf Management, Inc., and/or defendant Oak Ridge Management, Inc., confronted plaintiffs Delisa Simpson-Schubert and S.M.S.1 and S.M.S.2 and demanded that they remove their golf cart from the golf course.

110. Plaintiff Delisa Simpson-Schubert asked why, and the employee stated that defendant Michael Shearer had ordered that plaintiffs were not allowed to use their private golf cart on the course.

111. Defendant Michael Shearer told plaintiff William Schubert "I know about the lawsuit, I got an e-mail about it."

112. Defendant Michael Shearer told plaintiff William Schubert "You are trouble" and "I have had enough of you."

113. Defendant Michael Shearer told plaintiff William Schubert "I don't want your cart out there."

114. In June of 2006, on behalf of defendant Billy Casper Golf Management, Inc., and/or defendant Oak Ridge Management, Inc., defendant Michael Cutler raised some

purported objections to plaintiff's compliance with the requirements for use of a private golf cart.

115. One of the new conditions demanded by defendant Michael Cutler was a "complete release and hold harmless document indemnifying Oak Ridge Management of any claim of retaliatory harassment against the Schuberts."

116. Thereafter, until January 15, 2007, plaintiffs used their private golf cart without interference.

117. By letter dated January 15, 2007, defendant Michael Shearer informed plaintiffs that private golf carts would no longer be allowed on any part of Centennial Golf Course property.

118. Defendant Billy Casper Golf Management, Inc., manages other golf courses on which private golf carts are permitted.

119. Defendant Billy Casper Golf Management, Inc., and/or defendant Oak Ridge Management, Inc., permits other residents to use private golf carts at Centennial Golf Course.

120. Plaintiff avers that these defendants have retaliated and conspired to retaliate against them for engaging in protected activity.

121. Plaintiffs aver that these defendants have made false and prextexual statements regarding their reasons for rescinding the policy of prohibiting private golf carts.

The plaintiffs' revised supplemental and restated complaint states that the City of Oak Ridge directly participated in the Title IX and § 1983 violations, as well as retaliatory harassment for plaintiffs filing the instant lawsuit. In addition, plaintiffs have submitted the affidavit of plaintiff William R. Schubert who states:

2. We bought a lot at Park Meade Subdivision on the Centennial Golf Course which is owned by the City of Oak Ridge. We built our home directly on the golf course at the Ninth tee and moved in December of 2005.

3. Prior to the filing of this lawsuit, we had an agreement with Jim O'Connor, City Manager, that we could purchase and use a private golf cart and there would be a $1,500 annual trail fee required in lieu of a daily cart fee. In addition, we agreed to provide evidence of liability insurance, and an inspection report.

4. After filing this lawsuit, we bought our cart. My wife brought evidence of insurance and the pro-rated $1,500 annual trail fee to the manager of Centennial Golf Course. After a problem arose, I went to the club house to meet with the manager, Mike Shearer. Mike said we had not met the "requirements." He alluded to the lawsuit and said he was tired of us being troublemakers. He told me he did not want us to have a private cart. I told him we had an agreement with the City Manager.

5. The management of Centennial Golf Course is now demanding that we pay a $1,500 annual trail fee plus a daily cart fee, even though we are not using their carts.

6. We need to take discovery depositions to determine whether Jim O'Connor, the City Manager, has retaliated against us for filing this lawsuit.

7. As alleged in ... our complaint, "on March 18, 2005, Defendant Lay wrote a letter to plaintiffs William R. Schubert and Delisa Simpson-Schubert threatening to have them arrested for trespassing if they were to attend any TMSGA matches."

8. We had a conversation with Tom Bailey, the Superintendent of Schools, in which I told him I didn't believe he had the authority to ban us from golf matches or arrest us on private property. He assured me that he had the authority to do so from Chief Beams, the Oak Ridge Chief of Police and Ken Krushenski, the City Attorney. We need to take discovery

> depositions to establish whether this authority and advice were given.
>
> 9.     As alleged in . . . our complaint, "in April of 2005, defendant Lay and an Oak Ridge Police DARE officer in uniform followed plaintiff S.M.S.1 from hole to hole while she was playing a match at the Oak Ridge Country Club." We need to take discovery depositions to establish that the City Police Department was involved in harassment and retaliation for our protected activity.

In order for a municipality to be liable under 42 U.S.C. § 1983, a municipal policy or custom must be the moving force behind the violation of the plaintiff's constitutional rights. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478-79 (1986); *see also Feliciano v. City of Cleveland,* 998 F.2d 649, 654 (6th Cir. 1993). A local government is liable as an entity only when the government itself has committed a constitutional violation. *Id.* Here, the plaintiffs have alleged actions attributable to the City of Oak Ridge that if proven, could lead a reasonable jury to conclude that the City discriminated and/or retaliated against plaintiffs for exercising their constitutional rights. At this juncture in the proceedings, defendant City's motion for summary judgment is premature. Plaintiffs will be allowed to develop their allegations through discovery. Discovery will assist the court to resolve the issues raised in defendant's motion. Accordingly, defendant City's motion for summary judgment will be **DENIED** at this time, reserving to defendant City the right to renew the motion after discovery, should the facts and circumstances of this case merit the same.

The Casper defendants have moved to dismiss the claims against them on the grounds that they are not "state actors" for purposes of § 1983 laibility. Under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law. *See Jones v. Duncan,* 840 F.2d 359, 361-62 (6th Cir. 1988). The principal inquiry in determining whether a private party's actions constitute "state action" under the Fourteenth Amendment is whether the party's actions may be "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that defendant be an officer of the state, it is enough that he is a willful participant in joint activity with the state or its agents. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970).

Here, plaintiffs have alleged that the City has delegated to the Casper defendants the authority to control access to public property. This public function renders their conduct "fairly attributable to the state" for purposes of § 1983. Viewing the allegations of plaintiffs' complaint as true, the Casper defendants are not entitled to dismissal of the claims against them because they have participated in the City's retaliation against plaintiffs for engaging in protected activity. The Casper defendants' arguments may have merit on a motion for summary judgment, but at this juncture in the proceedings, the court cannot say that plaintiffs will be unable to prove facts in support of their claims that would entitle them to relief. This is a matter better addressed on a motion for summary

judgment after the parties have had an opportunity to conduct discovery. Accordingly, the Casper defendants' motion to dismiss is **DENIED.**

## Conclusion

For the reasons stated above, the motion for summary judgment filed by defendant City of Oak Ridge [Doc. 19] is **DENIED,** and the motion to dismiss filed by the Casper defendants [Doc. 56] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge